Krista R. Hemming, SBN 304213
THE HEMMING FIRM
419 Main Street, Suite 262
Huntington Beach, CA 92648
Tel: (949) 903 - 7650
Fax: (949) 258 - 5963
E-mail: thehemmingfirm@gmail.com

Attorney for Plaintiff
ABAD GONZALEZ

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABAD AMILCA SANDOVAL GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA HIGHWAY PATROL, CALIFORNIA HIGHWAY PATROL COMMISSIONER WARREN STANLEY, CALIFORNIA HIGHWAY PATROL OFFICER CHAD MORAN, Individually and in his official capacity as a law enforcement officer for the State Of California OFFICERS DOES 1-10, Individually, and in their official capacity as a law enforcement officers for The State Of California<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES BASED ON:**<br><br>1) **VIOLATION OF FOURTH AMENDMENT – 42 U.S.C. § 1983 (Seizure)**<br>2) **VIOLATION OF FIRST AMENDMENT – 42 U.S.C. § 1983 (Free Speech)**<br>3) **FALSE ARREST**<br>4) **VIOLATION OF CIVIL RIGHTS – *MONELL* CLAIM**<br>5) **VIOLATION OF Cal. Civ. Code § 52.1 – BANE ACT**<br><br>**JURY TRIAL DEMANDED** |

Now comes Plaintiff ABAD SANDOVAL GONZALEZ, by and through Counsel, and moves the Court for entry of judgement in his favor against defendants and in support of such Complaint states the following:

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 as well as the First, Fourth, and Fourteenth Amendments to the United States Constitution.

2. The United States District Court for the Eastern District of California has jurisdiction over this action pursuant to:

   a. 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil action arising under the Constitution, laws or treaties of the United States;

   b. 28 U.S.C. § 1343, which gives district court's original jurisdiction over action to secure civil rights extended by the United States government;

   c. 28 U.S.C. § 1367(a), which gives district court's supplemental jurisdiction to hear pendant State tort claims arising under State law.

3. Plaintiff has complied with all conditions precedent by to this action pursuant to the requirements of Cal. Gov't Code §§ 910, 911.2, respective to all claims against the California Highway Patrol.

4. The incidents complained of in this action occurred in the County of Fresno, State of California, within the territorial jurisdiction of this court, therefore venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2)

## PARTIES

5. Plaintiff ABAD SANDOVAL GONZALEZ (hereinafter "Mr. Gonzalez" and/or "plaintiff") is a natural person, who, at all times complained of in this action, is a resident of Kern County, State of California.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

6. Defendant, CALIFORNIA HIGHWAY PATROL (hereinafter "CHP"), is headquartered in Sacramento, California and is a division of the State of California, in charge of patrolling the California State Highways. CHP is a law enforcement agency and public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, At all relevant times, CHP was the employer of Defendants MORAN, and DOES 1-10 who were CHP, police officers, managerial, supervisorial, and policymaking employees of State of California Highway Patrol.

7. Defendant CALIFORNIA HIGHWAY PATROL COMMISSIONER WARREN STANLEY (hereinafter "Commissioner Stanley")  is head of the CHP and at all times complained of herein directly or indirectly participated in the authorization, planning and supervision of the actions of the individual CHP officers involved in this case, including Officers Chad Moran.

8. Defendant CHP Officer CHAD MORAN (hereinafter, "MORAN"), is, and at all times complained of herein, was a law enforcement officer for Defendant CHP, acting as an individual person under the color of state law. Defendant MORAN was acting in his individual capacity and was acting in the course of and within the scope of his employment with defendant CHP.

9. Defendants DOES 1-10 are persons whose identities are unknown but who is, and at all times complained of herein, was a law enforcement officer for Defendant CHP, acting as an individual person under the color of state law. Defendants DOES were acting in their individual capacity and were acting in the course of and within the scope of their employment with defendant CHP. DOES 1-10 are sued under a fictitious name and the true identities of DOES 1-10 shall be inserted into the complaint via amendment as their identities become known to Plaintiff.

## FACTUAL ALLEGATIONS

10. Plaintiff Mr. Gonzalez is a citizen journalist.

11. Mr. Gonzalez runs and generate content for a YouTube channel titled: Kern County Transparency.

12. This channel contains videos taken by Mr. Gonzalez of law enforcement, and other government officials while engaging in their duties while in the public view. The purpose of this channel is to promote accountability among government officials and to expose misconduct and unlawful behavior.

13. There is a clearly established First Amendment right to photograph or make an audio or video recording of public officials in public places, while performing their official duties.

14. On or about September 6, 2019 between the hours of 1530 and 1600 hrs. at the CATRANS District Six Office located at 1352 W Olive Ave, Fresno, CA 93728, Mr. Gonzalez, was attempting to perform and document a public records request.

15. For an unknown reason CALTRANS staff and contract security contacted the California Highway Patrol to respond to the above described location.

16. California Highway Patrol Employees Officer MORAN (Badge #15556) and Officer Cabrera responded to the call.

17. Officer MORAN walked into lobby and within 20 seconds of his arrival ordered Mr. Gonzalez out of the building and onto the sidewalk.

18. Mr. Gonzalez replied "no" and Officer MORAN then asked "what is your business here"

19. Mr. Gonzalez stated that he had not finished his business there, and that Officer MORAN was not able to answer the questions that he needed answered.

20. Officer MORAN then stated that Mr. Gonzalez had been asked to leave and that he was now giving Mr. Gonzalez a lawful order to leave.

21. Mr Gonzalez complied and left the building.

22. Officer MORAN stated that Mr. Gonzalez had to completely leave the property. and backed him all the way to the public sidewalk.

23. Mr. Gonzalez inquired why he had to leave the property to which Officer MORAN replied you had not lawful business there.

24. Mr. Gonzalez attempted to explain to Officer Moran that he had lawful business at the CALTRANS office.

25. Officer Moran and Mr. Gonzales briefly conversed about Mr. Gonzales business at the CALTRANS office, and earlier at the DMV. After forty-five (45) seconds and a brief conversation, Officer Moran states "let me see your ID."

26. Mr. Gonzales responded "no, I have not committed a crime"

27. Officer Moran states "I'm a police officer, and I've just asked for your ID"

28. Mr. Gonzales asks for a supervisor, and Officer Moran responds "You have to give me your ID."

29. Mr. Gonzales asks "what crime have I committed" to which Officer Moran states "I am trying to identify you."

30. Again, Mr. Gonzales asks "what crime have I committed."

31. Officer Moran then tells Mr. Gonzales "If you don't give me your ID, I'm going to arrest you and identify you."

32. Officer Moran repeats, "are you refusing to identify yourself" three times and then grabs Mr. Gonzales by the arm, places him in handcuffs, and states "you are under arrest."

33. Mr. Gonzales was placed in the rear cage of a marked CHP vehicle. Mr. Gonzales was held for over an hour, before being released without ever being charged.

34. At all times relevant to the acts alleged in this complaint, Defendants were acting under the color of the statutes, ordinances, regulations, customs, and usages of the State of California and under the authority of their respective offices as law enforcement officers.

35. Prior to and after Mr. Gonzalez was informed that he was arrested, he had made no threats, had taken no aggressive actions, had not verbally threatened harm or exhibited any actions to cause anyone to believe that they were in any danger.

36. Mr. Gonzalez had to suffer the humiliation of being handcuffed in public view for everyone to see and was held in custody as if he were a common criminal.

37. Mr. Gonzalez suffered the loss of his freedom for an unreasonable amount of time in light of the circumstances.

38. No actions of Mr. Gonzalez would have provided a reasonable officer with reason to believe that the officer had reasonable suspicion to detain Plaintiff and probable cause to arrest/detain Mr. Gonzalez.

39. None of the Defendants had information in the form of objective articulable facts that would have allowed a reasonable officer to initially detain and/or arrest Mr. Gonzalez.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

40. None of the Defendants had a warrant to arrest Mr. Gonzalez and no reasonable officer in the position of defendants would have believed that he had probable cause to arrest/detain Mr. Gonzalez.

### FIRST CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
### Violation Of Fourth Amendment Right – Unreasonable Seizure Of Person
### (Plaintiff Mr. Gonzalez, as to Defendant MORAN)

41. Plaintiffs hereby realleged and incorporate by reference the allegations set forth in paragraphs 1 through 01, inclusive, above, as though set forth in full herein.

42. Mr. Gonzalez has a well-established, constitutionally protected right to be free from unreasonable seizures of the person.

43. Defendants acting under the color of law deprived Mr. Gonzalez of his constitutionally protected right when they unreasonable detained and arrested Mr. Gonzalez.

44. The seizure of Mr. Gonzalez was unreasonable in that, Defendants did not have a warrant, probable cause, or even reasonable suspicion to believe Mr. Gonzalez had engaged in, was engaging in, or was about to engage in any criminal conduct.

45. Defendants did not observe the plaintiffs engage in any criminal conduct and Defendants had no objective facts to form a basis for reasonable suspicion that plaintiffs had committed, was committing, or was about to commit, any criminal conduct.

46. Defendants acted willfully, deliberately, maliciously, or with reckless disregard for Mr. Gonzalez clearly established rights protected by the Fourth Amendment and Fourteenth Amendment to the U.S. Constitution.

47. As a direct and proximate result of the acts described above, Mr. Gonzalez has suffered grievously enduring: 1) the loss of his liberty and freedom, 2) mental and emotional injury,

distress, pain and suffering, 3) attorney's fees, and 4) any other special and general damages and expenses, in an amount to be proven at trial.

48. The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
### Violation Of First Amendment Right – Free Speech
### (Plaintiff Mr. Gonzalez as to Defendant MORAN)

49. Plaintiffs hereby realleged and incorporate by reference the allegations set forth in paragraphs 1 through 48, inclusive, above, as though set forth in full herein.

50. Observing and recording public official's activities, including police officer, and public buildings from public places, without interfering with the duties of the public official, is a legitimate means of gathering information for public dissemination and is expressive conduct under the protection of First Amendment.

51. This First Amendment right to gather information includes the right to record actions of public officials, including the police, subject to reasonable time, place, and manner restrictions.

52. Mr. Gonzalez was exercising their First Amendment rights on or about September 16, 2019 when he was filming public officials from a public space in Fresno California.

53. Mr. Gonzalez was not engaged in any unlawful activity or interfering with the duties of the police.

54. None of Mr. Gonzalez' activities were being conducted in an unreasonable time, place or manner.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

55. By stopping, detaining, and arresting the Mr. Gonzalez, the defendants sought to chill his free speech rights.

56. This act was also in retaliation against Mr. Gonzalez for freely exercising his first amendment right by recording public officials in a public space.

57. Defendants acting under the color of law deprived the Mr. Gonzalez of certain constitutionally protected right by preventing the him from freely exercising his First Amendment right to record public officials while in public places.

58. Defendants acted willfully, deliberately, maliciously, or with reckless disregard for Plaintiff's clearly established rights protected by the First Amendment, and Fourteenth Amendment to the U.S. Constitution.

59. As a direct and proximate result of the acts described above, Mr. Gonzalez has suffered grievously enduring: 1) the loss of his liberty and freedom, 2) mental and emotional injury, distress, pain and suffering, 3) attorney's fees, and 4) any other special and general damages and expenses, in an amount to be proven at trial.

60. The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
### FALSE ARREST
**(Plaintiff Mr. Gonzalez as to Defendant MORAN)**

61. Plaintiffs hereby realleged and incorporate by reference the allegations set forth in paragraphs 1 through 60, inclusive, above, as though set forth in full herein.

62. Through the actions described herein on or about September 16, 2019, Defendant MORAN intentionally and unlawfully wrongfully arrested Mr. Gonzalez, and held him in his vehicle until he was able to ID him.

63. Mr. Gonzalez was arrested without a warrant

64. The Defendants did not have probable cause and/or reasonable suspicion to arrest and detain Mr. Gonzalez.

65. Mr. Gonzalez was never charged with a crime.

66. Mr. Gonzalez was not prosecuted for any crime in connection with this arrest.

67. As a direct and proximate result of the acts described above, Mr. Gonzalez has suffered grievously enduring: 1) the loss of his liberty and freedom, 2) mental and emotional injury, distress, pain and suffering, 3) attorney's fees, and 4) any other special and general damages and expenses, in an amount to be proven at trial.

68. Defendant's use of unreasonable force, and unlawfully arrest was a substantial factor in causing physical and emotional harm to Mr. Gonzalez.

69. The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION
### VIOLATION OF CIVIL RIGHTS – *MONELL* CLAIM
**(Plaintiff Mr. Gonzalez as to Defendant CHP, COMMISSIONER STANLEY)**

70. Plaintiffs hereby realleged and incorporate by reference the allegations set forth in paragraphs 1 through 69, inclusive, above, as though set forth in full herein.

71. Defendant MORAN and DOES 1-10, inclusive were acting under the color of law with authority as law enforcement officers employed by Defendants CHP and COMISSIONER STANLEY.

72. As stated above the acts of Defendant MORAN and DOES 1-10, inclusive deprived Mr. Gonzalez of his First and Fourth Amendment rights under the United states Constitution and the aforementioned statues.

73. Defendants CHP and COMISSIONER STANLEY, knowingly, and in deliberate indifference to the Constitutional rights of citizens, maintains inadequate policies, procedures, and training, in that they are nonexistent, which permits the unlawful violation of the First and Fourth Amendment.

74. The training policies of Defendants CHP and COMISSIONER STANLEY were and are not adequate, to train its officers to handle the usual and recurring situations with which they must deal, specifically the CHP has failed to train law enforcement officers on a citizens First Amendment right to film and record the activities of Law Enforcement Officers, and that filming and recording the activities of Law Enforcement Officers does not equate to probable cause for an arrest.

75. The training policies of Defendants CHP and COMISSIONER STANLEY were and are not adequate, to train its officers to handle the usual and recurring situations with which they must deal, specifically the CHP has failed to train law enforcement officers on the well-established law that California is not a "stop and ID state" and that failure to present ID does not equate to probable cause for a detention or an arrest.

76. Plaintiff is informed and believes, that Defendants CHP and COMISSIONER STANLEY policy and procedure manual for CHP officers contains is no stated policy or

procedure recognizing or training Law Enforcement officers on the public's First Amendment right to observe, film, record, video tape or photograph public officials and activities from a public place.

77. Plaintiff is informed and believes, that Defendants CHP and COMISSIONER STANLEY policy and procedure manual for CHP officers contains is no stated policy or procedure recognizing or training Law Enforcement officers on the on the well-established law that California is not a "stop and ID state" and that failure to present ID does not equate to probable cause for a detention or an arrest.

78. Plaintiff is informed and believes, Defendants CHP and COMISSIONER STANLEY policy and procedure manual for CHP officers contains is no stated policy or procedure instructing or training Law Enforcement officers on how to act or perform their duties when being observed, filmed, recorded, videotaped or photographed by member of the public, without interfering or violating the individuals First Amendment right to observe, film, record, video tape or photograph law enforcement officers and activities from a public place .

79. Plaintiff is informed and believes, Defendants CHP and COMISSIONER STANLEY policy and procedure manual for CHP officers contains is no stated policy or procedure training officers on California Penal Code § 148, or that failure to present ID does not equate to a violation of section 148, or probable cause for a detention or an arrest.

80. The failure of Defendants CHP and COMISSIONER STANLEY to keep, maintain, or have a policy, procedure and/or training regarding a citizen's First Amendment right to observe, film, record, video tape or photograph public officials and activities from a public place is wholly inadequate in light of today's social climate on law enforcement, existing statutory and case law, and technology available to citizens.

81. The failure of Defendants CHP and COMISSIONER STANLEY to keep, maintain, or have a policy, procedure and/or training regarding California's well-established law that California is not a "stop and ID state" and that failure to present ID does not equate to probable cause for a detention or an arrest.

82. Defendants CHP and COMISSIONER STANLEY was deliberately indifferent to the obvious consequences of its failure to adopt any policy and procedures, and/or train its Officers adequately regarding the First Amendment right to observe, film, record, video tape or photograph public officials and activities from a public place.

83. Defendants CHP and COMISSIONER STANLEY was deliberately indifferent to the obvious consequences of its failure to adopt any policy and procedures, and/or train its Officers adequately on California's well-established law that California is not a "stop and ID state" and that failure to present ID does not equate to probable cause for a detention or an arrest.

84. Defendants CHP and COMISSIONER STANLEY knows or should have known that Law Enforcement officers working in the public can and will encounter citizens exercising their First Amendment right to observe, film, record, video tape and/or photograph public officals while performing duties in the public.

85. Defendants CHP and COMISSIONER STANLEY knows or should have known that it is obvious and apparent Defendants CHP and COMISSIONER STANLEY must train, adopt and maintain a policy and procedure regarding citizen's First Amendment right to observe, film, record, video tape or photograph public officials and activities from a public place, especially in light of California Penal Code 148(g), which states "The fact that a person takes a photograph or makes an audio or video recording of a public officer or peace officer, while the officer is in a public place or the person taking the photograph or making the recording is in a place he or she

has the right to be, does not constitute, in and of itself, a violation of subdivision (a), nor does it constitute reasonable suspicion to detain the person or probable cause to arrest the person," and in light of the Ninth Circuit Court of Appeals decisions in *Adkins v. Limtaco*, No. 11-17543 (9th Cir., August 12, 2013) and *Fordyce v. City of Seattle,* F.3d 436, 439 (9th Cir. 1995) which recognizes a First Amendment constitutional protected right to record the police.

86. Defendants CHP and COMISSIONER STANLEY knows or should have known that it is obvious and apparent Defendants CHP and COMISSIONER STANLEY must train, adopt and maintain a policy and procedure regarding California's well-established law that California is not a "stop and ID state" and that failure to present ID does not equate to probable cause for a detention or an arrest, California does not have a "stop and ID" statute and California jurisprudence as held that an individual is only required to identify himself/herself/themselves after a lawful arrest. *People v. Quiroga*, 16 Cal.App.4th 961, 20 Cal.Rptr.2d 446 (Cal. App. 1993).

87. Defendants CHP and COMISSIONER STANLEY knows or should have known that the need to adopt a policy regarding citizen's First Amendment right to observe, film, record, video tape or photograph law enforcement officers and activities from a public place is obvious and apparent, as similarly situated departments such as Los Angeles Sheriff's Department have already adopted and implemented such a policy, procedures and training. (See LASD policy and procedure manual section 3-01/080.16 titled PHOTOGRAPHY, AUDIO, AND VIDEOTAPING BY THE PUBLIC AND THE PRESS).

88. Defendants CHP and COMISSIONER STANLEY lack of policy and procedure, and/or lack of training regarding citizen's First Amendment right to observe, film, record, video tape or photograph public officials and activities from a public place, coupled with the frequency in which Law Enforcement officer will encounter citizens filming, recording and photographing

them in public places while performing their duties is likely to result in violations of individuals First Amendment Constitutional rights, and will also likely result in false arrests in violation of individuals Fourth Amendment Constitutional rights.

89. Defendants CHP and COMISSIONER STANLEY lack of policy and procedure, and/or lack of training regarding California's well-established law that California is not a "stop and ID state" and that failure to present ID does not equate to probable cause for a detention or an arrest, coupled with the frequency in which Law Enforcement officers will encounter citizens unwilling to identify themselves prior to an unlawful arrest is likely result in false arrests in violation of individuals Fourth Amendment Constitutional rights.

90. The failure of Defendants CHP and COMISSIONER STANLEY to provide any policy, procedure or training on a citizen's First Amendment right to observe, film, record, video tape or photograph law enforcement officers and activities from a public place, caused the deprivation of the plaintiff's rights by Defendant MORAN.

91. The failure of Defendants CHP and COMISSIONER STANLEY to provide any policy, procedure or training on California's well-established law that California is not a "stop and ID state" and that failure to present ID does not equate to probable cause for a detention or an arrest, caused the deprivation of the plaintiff's rights by Defendant MORAN.

92. Had Defendant MORAN been training by Defendants CHP and COMISSIONER STANLEY on the First Amendment rights of citizens to observe, film, record, video tape or photograph law enforcement officers and activities from a public place, Mr. Gonzalez may not have been detained, or arrested in violation of his Fourth Amendment right for simply exercising his First Amendment right to observe, film, record, video tape or photograph law enforcement officers and activities from a public place.

93. Had Defendant MORAN been training by Defendants CHP and COMISSIONER STANLEY on California's well-established law that California is not a "stop and ID state" and that failure to present ID does not equate to probable cause for a detention or an arrest, Mr. Gonzalez may not have been detained, or arrested in violation of his Fourth Amendment right.

94. It is Defendants CHP and COMISSIONER STANLEY's failure to train and/or provide a policy and/or guideline to Defendant MORAN on the First Amendment Rights of citizens to observe, film, record, video tape or photograph law enforcement officers and activities from a public place, that was the driving force which caused the deprivation and violation of Mr. Gonzalez First and Fourth Amendment rights.

95. It is Defendants CHP and COMISSIONER STANLEY's failure to train and/or provide a policy and/or guideline to Defendant MORAN on California's well-established law that California is not a "stop and ID state" and that failure to present ID does not equate to probable cause for a detention or an arrest, that was the driving force which caused the deprivation and violation of Mr. Gonzalez Fourth Amendment rights.

96. On information and belief Defendant MORAN and DOES 1-10 were not disciplined, reprimanded, suspended, or otherwise penalized in connection with Mr. Gonzalez detention, arrest and injuries.

97. As a direct and proximate result of the acts described above, the Plaintiffs have suffered grievously enduring: 1) the loss of his liberty and freedom, 2) mental and emotional injury, distress, pain and suffering, 3) attorney's fees, and 4) any other special and general damages and expenses, in an amount to be proven at trial.

98. Accordingly, CHP and COMISSIONER STANLEY's is liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983, and attorney fees under 42 U.S.C. § 1988.

99. The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, in an amount to be proven at trial.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF Cal. Civ. Code § 52.1 – BANE ACT**
**(Plaintiff Mr. Gonzalez, as to Defendant MORAN)**

100. Plaintiffs hereby realleged and incorporate by reference the allegations set forth in paragraphs 1 through 99, inclusive, above, as though set forth in full herein.

101. Defendants, acting within the scope of their duties as CHP Officers did unlawfully detain and arrest Mr. Gonzalez in an attempt to interfere with the exercise of his First Amendment free speech rights, and Fourth Amendment right to be free from unreasonable seizure.

102. The conduct of the Defendant MORAN constituted interference by threats, intimidations, or coercion, or attempted interference with the exercise or enjoyment by Mr. Gonzalez to rights that are secured by the Constitution and law of the United States, or by the Constitution and laws of the State of California, including the right to be free from unreasonable seizure, and the right to exercise free speech.

103. As a direct and proximate result of the acts described above, the Plaintiff's rights pursuant to Cal. Civ. Code § 52.1 were violated causing Mr. Gonzalez to have suffered grievously enduring: 1) the loss of his liberty and freedom, 2) mental and emotional injury, distress, pain and suffering, 3) attorney's fees, and 4) any other special and general damages and expenses, in an amount to be proven at trial.

104. The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, in an amount to be proven at trial.

## JURY DEMAND

105. Plaintiff hereby demands a trial by jury for all issues that are so triable.

## DAMAGES AND ATTORNEY'S FEES

106. Plaintiff hereby realleged and incorporate by reference the allegations set forth in paragraphs 1 through 105, inclusive, above, as though set forth in full herein.

107. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered deprivations of their constitutional rights guaranteed by the First, Fourth and Fourteenth Amendments to the U. S. Constitution.

108. Plaintiff's incurred damages for loss of reputation, shame, embarrassment, humiliation, mental anguish, and such other compensatory and consequential damages as the law entitles them to recover.

109. Alternatively, Plaintiff's seek nominal damages for the violations of their Constitutional rights.

110. Plaintiffs seek punitive damages against the individual Defendant Officers for their intentional, willful and wanton acts violating "clearly established statutory and constitutional rights of which a reasonable officer would have known."

111. Plaintiffs hereby sues for these damages and prays for just and fair recovery thereof.

112.     Plaintiffs are an award of attorney fees and costs under 42 U.S.C. § 1988(b), and under Cal. Civ. Code § 52.1.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgement against Defendants as follows:

A. Issue a judgement declaring that the acts of the Defendants described herein Violated Plaintiff Constitutional Rights;

B. For an award of compensatory damages in favor of plaintiff an amount to be shown at trial, in excess of $200,000 against all defendants;

C. For an award of punitive / exemplary damages in an amount to be shown at trial against all defendants, in an amount to be shown at trial, in excess of $200,000;

D. Cost of suit;

E. Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988(b), and under Cal. Civ. Code § 52.1;

F. Such other relief as this Honorable Court may deem just and appropriate.


THE HEMMING FIRM

DATED: October 4, 2020          By: _____
                                     KRISTA R. HEMMING
                                     Attorneys for
                                     **PLAINTIFF ABAD SANDOVAL GONZALEZ**