1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ABAD AMILCA SANDOVAL                    No.  1:20-cv-01422-DAD-JLT
     GONZALEZ,
12
                  Plaintiff,
13                                           ORDER GRANTING IN PART AND
           v.                                DENYING IN PART DEFENDANTS'
14                                           MOTION TO DISMISS
     CALIFORNIA HIGHWAY PATROL, et
15   al.,                                    (Doc. No. 5)

16                Defendants.

17

18          This matter is before the court on a motion to dismiss, to strike, and to quash service

19   brought by defendants California Highway Patrol ("CHP"), CHP Officer Chad Moran, and CHP

20   Commissioner Warren Stanley.  Defendants seek to dismiss plaintiff's complaint pursuant to

21   Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure due to allegedly insufficient

22   process and insufficient service of process.  (Doc. No. 5.)  In the alternative, defendants request

23   the court:  (1) quash service on defendants; (2) pursuant to Rule 12(f) strike the allegations from

24   plaintiff's complaint seeking punitive damages against defendant CHP and those defendants

25   named in their official capacity; (3) dismiss defendants CHP and Stanley from this action

26   pursuant to Rules 12(b)(6) and 12(f) because the claims brought against those defendants are

27   barred by the Eleventh Amendment to the U.S. Constitution; and (4) strike plaintiff's complaint

28   for failing to comply with Rule 11(a).  (*Id.*)  Pursuant to General Order No. 617 addressing the

1   public health emergency posed by the COVID-19 pandemic, the motion was taken under

2   submission on the papers.  (Doc. No. 7.)  For the reasons explained below, the court will grant the

3   motion to dismiss defendants CHP and Stanley from this action pursuant to Rule 12(b)(6) and

4   grant the motion to strike plaintiff's requests for punitive damages as to defendant CHP and

5   defendants Stanley and Moran in their official capacities.  The court will deny the motion to

6   dismiss based upon the alleged insufficient process and insufficient service pursuant to Rules

7   12(b)(4) and 12(b)(5), will decline to quash service, and will deny defendants' motion to strike

8   the complaint for failure to comply with Rule 11(a).

9                                          **BACKGROUND**

10          This case arises from an alleged interaction between plaintiff Abad Amilca Sandoval

11   Gonzalez and defendant Chad Moran, a CHP officer, on the afternoon of September 6, 2019 at

12   the California Department of Transportation ("Caltrans") District Six Office located in Fresno,

13   California.  (Doc. No. 1 at ¶¶ 5, 8, 14.)  In his complaint, plaintiff alleges the following.  Plaintiff

14   is a citizen journalist who creates content for a YouTube channel called "Kern County

15   Transparency."  (*Id.* at ¶¶ 10–11.)  On September 6, 2019, plaintiff visited the Caltrans Fresno

16   office "to perform and document a public records request."  (*Id.* at ¶ 14.)  Caltrans staff contacted

17   the CHP apparently in response to plaintiff's conduct, after which, defendant Moran and another

18   officer who is not a party to this action responded to the call.  (*Id.* at ¶¶ 15–16.)

19          Soon after the officers' arrival, defendant Moran ordered plaintiff to exit the Caltrans

20   building.  (*Id.* at ¶ 17.)  Plaintiff initially refused to leave the building, but he complied once

21   defendant Moran stated that he was giving plaintiff "a lawful order to leave."  (*Id.* at ¶¶ 18–21.)

22   Defendant Moran briefly questioned plaintiff about the nature of his business at the Caltrans

23   office and then asked for his identification.  (*Id.* at ¶ 25.)  Plaintiff refused to provide his

24   identification to defendant Moran, to which defendant Moran replied that plaintiff would be

25   arrested if plaintiff did not do so.  (*Id.* at ¶¶ 25–31.)  Plaintiff Gonzalez again refused to give his

26   identification to defendant Moran, who then "grab[bed] Mr. Gonzalez by the arm, place[d] him in

27   handcuffs, and state[d] 'you are under arrest.'"  (*Id.* at ¶ 32.)  Plaintiff was detained in the rear

28   caged seat of a marked CHP vehicle for over an hour, but was released without being cited or

                                              2

charged.  (*Id.* at ¶ 33.)  Plaintiff alleges that prior to and after he was arrested, "he had made no threats, had taken no aggressive actions, [and] had not verbally threatened harm or exhibited any actions to cause anyone to believe that they were in any danger."  (*Id.* at ¶ 35.)

On October 4, 2020, plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 and California Civil Code § 52.1 asserting the following five causes of action:  (1) a claim against defendant Moran for unreasonable seizure of person in violation of the Fourth Amendment to the U.S. Constitution; (2) a claim against defendant Moran for deprivation of plaintiff's constitutional right to free speech in violation of the First Amendment to the U.S. Constitution; (3) a claim against defendant Moran for false arrest; (4) a claim against defendants CHP and Stanley pursuant to *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978); and (5) a claim against defendant Moran for violation of California Civil Code § 52.1, the Bane Act. (*Id.* at 7, 8, 9, 10, 17.)

On November 5, 2020, plaintiff filed an executed return of service, indicating that copies of the summons and complaint were left with a CHP sergeant at the CHP Fresno Field Office on October 21, 2020.  (Doc. No. 4.)  On November 18, 2020, defendants filed the pending motion to dismiss.  (Doc. No. 5.)  Plaintiff filed a "request for leave to amend complaint in lieu of plaintiff's opposition" on January 7, 2021, and on January 13, 2021, defendants filed their reply.  (Doc. Nos. 9, 10.)

## LEGAL STANDARDS

### A.   Motion to Dismiss Due to Insufficient Service of Process Under Rule 12(b)(4), (5)

A federal court has jurisdiction over a defendant only if the defendant has been properly served under Rule 4.  *Direct Mail Specialists, Inc v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (citing *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982)); *see also Long v. McAfee*, Case No. 1:19-cv-00898, 2019 WL 5536228, at *2 (E.D. Cal. Oct. 25, 2019).  "Mere notice that a lawsuit is pending is not sufficient."  *Razavi v. Regis Corp.*, No. 5:15-cv-02574-EJD, 2016 WL 97438, at *2 (N.D. Cal. Jan. 8, 2016).  However, "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint."  *Direct Mail Specialists*, 840 F.2d at 688 (quoting *United Food & Com. Workers*

3

1   *Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984)); *see also Long*, 2019 WL

2   5536228, at *2.

3          Pursuant to Rule 4(c), a defendant must be served with a copy of the summons and

4   complaint. Fed. R. Civ. P. 4(c). Rule 4(e) identifies four permissible methods for serving an

5   individual: (1) following state law for serving a summons in an action brought in courts of

6   general jurisdiction in the state where the district court is located or where service is made;

7   (2) delivering a copy of the summons and of the complaint to the individual personally;

8   (3) leaving a copy of each at the individual's dwelling or usual place of abode with someone of

9   suitable age and discretion who resides there; or (4) delivering a copy of each to an agent

10  authorized by appointment or by law to receive service of process. Fed. R. Civ. P. (4)(e). Rule

11  4(m) states that if a defendant "is not served within 90 days after the complaint is filed, the

12  court—on motion or on its own after notice to the plaintiff—must dismiss the action without

13  prejudice against that defendant or order that service be made within a specified time." Fed. R.

14  Civ. P. 4(m).

15         Under Rule 12(b)(5), a defendant may challenge the method of service attempted by a

16  plaintiff. *U.S.A. Nutrasource, Inc. v. CNA Ins. Co.*, 140 F. Supp. 2d 1049, 1052 (N.D. Cal. 2001).

17  Under Rule 12(b)(4), a defendant may challenge "irregularities in the contents of a summons."

18  *Cranford v. United States*, 359 F. Supp. 2d 981, 984 (E.D. Cal. 2005) (citing *Chilicky v.*

19  *Shweiker*, 796 F.2d 1131, 1136 (9th Cir. 1986)). A district court has discretion to either dismiss

20  the action against the improperly served defendant or quash service of the complaint on that

21  defendant. *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006). "Once

22  service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule

23  4." *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 99 F. Supp. 3d 1110, 1227

24  (C.D. Cal. 2015) (quoting *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004)).

25  **B.     Rule 12(f) Motion to Strike**

26         Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or

27  any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The

28  function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise

from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)).  A decision whether to strike certain material is committed to the sound discretion of the district court.  *Id.*; *Fed. Sav. & Loan Ins. Corp. v Gemini Mgmt.*, 921 F.2d 241, 244 (9th Cir. 1990).  However, motions to strike are generally disfavored and "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) (citation and quotation marks omitted); *see also Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003) ("Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic.").  In resolving such motions, the court must view the pleading in a light most favorable to the non-moving party and resolve any doubt as to the relevance of the challenged allegations in favor of the non-moving party.  *See In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

**C.      Rule 12(b)(6) Motion to Dismiss Due to Failure to State a Claim**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint.  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Though Rule 8(a) does not require detailed factual allegations, a plaintiff is required to allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light

most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).  It is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

## ANALYSIS

**A.    Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint Against CHP and CHP Commissioner Stanley**

Plaintiff has brought a *Monell* claim against defendants CHP and Commissioner Stanley.[1] (Doc. No. 1 at 10–17.)  Defendants move to dismiss this claim pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted and Rule 12(b)(1) for lack of subject-matter jurisdiction.  (Doc. No. 6 at 13.)  Defendant Stanley first argues that plaintiff does not allege "any facts" indicating that he was involved in the alleged incident involving plaintiff.  (*Id.*)  Defendant Stanley also asserts that plaintiff's allegations against him seek liability based merely upon his position as a supervisor, but that *respondeat superior* liability is not recognized under 42 U.S.C. § 1983.  (*Id.* at 14) (citing *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989)).  Second, both defendants CHP and Stanley contend that the Eleventh Amendment to the U.S. Constitution bars plaintiff's suit against them because sovereign immunity protects states and state officials from suit when acting in their official capacity.  (*Id.* at 13–14) (citing U.S. Const. amend. XI; *Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951 F.2d 1050, 1053 (9th Cir. 1991)).

In his opposition to the pending motion, plaintiff concedes that his complaint "does not plead any identifiable facts or specific actions" against defendant Stanley and plaintiff therefore requests leave to amend his complaint so as to voluntarily dismiss defendant Stanley from this

---

[1]  In discussing plaintiff's punitive damages claim and the issue of sovereign immunity, defendants' counsel refers to defendant CHP both as the "California Highway Patrol" and the "State of California" interchangeably.  While technically correct because the Ninth Circuit has recognized that the CHP is "an arm of the state for the purposes of the Eleventh Amendment [to the U.S. Constitution]," the court will refer to defendant CHP as such for the sake of clarity.  *See Flores v. Cal. Highway Patrol*, No. 2:11-cv-2446-KJN, 2011 WL 4433626, at *2, (E.D. Cal. Sept. 21, 2011).

1    action.  (Doc. No. 9 at 5.)  Plaintiff does not address whether he also seeks to voluntarily dismiss

2    his *Monell* claim against defendant CHP and, accordingly, the court addresses the pending motion

3    to dismiss that claim below.

4         The Eleventh Amendment to the United States Constitution prevents federal courts from

5    extending their judicial power to a suit against a state and "confirms the sovereign status of the

6    States by shielding them from suits by individuals absent their consent."  U.S. Const. amend. XI;

7    *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (citing *Seminole Tribe of Fla. v. Florida*,

8    517 U.S. 44, 54 (1996)).  A state's sovereign immunity also extends to arms or instrumentalities

9    of the state because, in those actions, the state "is the real party in interest."  *Lewis*, 137 S. Ct. at

10   1290; *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989) (citing *Mt. Healthy Bd.*

11   *of Ed. v. Doyle*, 429 U.S. 274, 280 (1977)) ("States or governmental entities [] are considered

12   'arms of the State' for Eleventh Amendment purposes" while municipalities are not and *Monell* is

13   therefore limited to "local government units").  Thus, it is clear that the CHP is an arm of the state

14   of California and is therefore protected by sovereign immunity.  *See, e.g.*, *O'Leary v. Cal.*

15   *Highway Patrol*, 923 F.2d 862 (9th Cir. 1991) ("Because the CHP is a state agency ... and the

16   State of California has not consented to suit ... both the State and the CHP enjoy sovereign

17   immunity and cannot be sued under section 1983."); *see also Mulvaney v. Cal. Highway Patrol*,

18   No. 5:17-cv-01044, 2018 WL 1114549, at *5 & n. 6 (C.D. Cal. Feb. 26, 2018); *O'Keefe v. Cal.*

19   *Highway Patrol*, No. 2:14-cv-0792-MCE-CMK, 2015 WL 75236, at *4 (E.D. Cal. Jan. 6, 2015)

20   *findings and recommendations adopted* 2015 WL 640911 (E.D. Cal. Feb. 13, 2015); *May v. Cal.*

21   *Highway Patrol*, No. C 09–3460 BZ, 2010 WL 234868, at *1 (N.D. Cal. Jan. 14, 2010);

22   *Townsend v. California*, No. 1:10-cv-0470-LJO-SKO, 2010 WL 1644740, at *6 (E.D. Cal. Apr.

23   21, 2010); *Vierria v. Cal. Highway Patrol*, 644 F. Supp. 2d 1219, 1232 (E.D. Cal. 2009); *Guzman*

24   *v. Van Demark*, 651 F. Supp. 1180, 1183 (C.D. Cal.1987).

25        A state and its arms and instrumentalities may not be sued in federal court unless the state

26   waives its immunity and unequivocally consents to suit, or Congress abrogates the Eleventh

27   Amendment immunity.  *Penhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–99 (1984);

28   *Welch v. Tex. Dep't of Highways and Public Trans.*, 483 U.S. 468, 473–474 (1987).  With regard

1   to congressional abrogation, the Supreme Court has held that 42 U.S.C. § 1983, under which

2   plaintiff's *Monell* claims are brought, allows for suits against municipalities and local

3   governments but does not overturn the constitutionally guaranteed immunity of the several States.

4   *Quern v. Jordan*, 440 U.S. 332, 339 n.7, 345 (1979), *overruled on other grounds by Hafer v.*

5   *Melo*, 502 U.S. 21, 25–27 (1991); *see also Will*, 491 U.S. at 64; *Dittman v. California*, 191 F.3d

6   1020, 1026 (9th Cir. 1999).  With regard to consent to suit or waiver of Eleventh Amendment

7   immunity, the state's waiver must be "stated 'by the most express language or by such

8   overwhelming implications from the text as [will] leave no room for any other reasonable

9   construction.'"  *Welch*, 483 U.S. at 473 (citing *Clark v. Barnard*, 108 U.S. 436, 447 (1883)

10   (citations omitted)).  Because defendant CHP has not waived its sovereign immunity[2] and

11   because 42 U.S.C. § 1983 does not abrogate the several states' immunity, plaintiff's fourth cause

12   of action against defendant CHP is barred by California's sovereign immunity.

13           Accordingly, the court will grant defendants' motion to dismiss plaintiff's fourth cause of

14   action brought against defendants CHP and Stanley with prejudice.

15   **B.      Defendants' Rule 12(f) Motion to Strike Plaintiff's Allegations for Punitive Damages**

16           Plaintiff seeks punitive damages against defendants CHP and Stanley in their official

17   capacities and against defendant Moran in both his official and individual capacities.  (Doc. No. 1

18   at ¶¶ 48, 60, 69, 99, 104, 110.)  Defendants move to strike plaintiff's request for punitive damages

19   against defendant CHP and against defendants Stanley and Moran in their official capacities.

20   (Doc. No. 6 at 12.)  Defendants do not challenge plaintiff's request for punitive damages against

21   defendant Moran in his individual capacity.  Defendants assert that plaintiff's requests for

22   punitive damages from a government entity are barred by California's sovereign immunity under

23   the Eleventh Amendment.  (Doc. No. 6 at 12.)  Defendants argue that punitive damages against

24   state officials acting in their official capacity are similarly barred.  (*Id.*) (citing *Will*, 491 U.S. at

25   71).  Consequently, defendants ask the court to strike "any language purporting to seek or claim

26

27   [2]  The State of California "has waived its sovereign immunity for torts actions" under California
     Government Code § 945, but this waiver "does not . . . constitute a waiver of eleventh amendment
28   immunity."  *BV Engineering v. Univ. of Cal., L.A.*, 858 F.2d 1394, 1396 (1988).

1    punitive damages against any defendant for acting in his official capacity." (*Id.*)

2          In his response to defendants' motion, plaintiff asserts that he is "prepared, to strike all[3]

3    allegations and requests for punitive damages" against defendants CHP and Moran. (Doc. No. 9

4    at 5.) Plaintiff does not state whether he is agreeing to strike his request for punitive damages

5    against defendant Stanley. However, the claims against defendants CHP and Stanley have been

6    dismissed above. Accordingly, defendants' requests to strike punitive damages against those

7    defendants have been rendered moot. With regard to plaintiff's request for punitive damages

8    against defendant Moran, the court will grant the motion to strike punitive damages sought

9    against defendant Moran in his official capacity only. Section 1983 does allow for the award of

10   punitive damages in cases where "the defendant's conduct is shown to be motivated by evil

11   motive or intent, or when it involves reckless or callous indifference to the federally protected

12   rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). However, the distinction between a

13   defendant sued in his official capacity versus his individual capacity determines whether a

14   plaintiff may seek punitive damages. *See, e.g.*, *City of Newport v. Fact Concerts, Inc.*, 453 U.S.

15   247, 263 (1981) (barring punitive damages against governmental entities); *cf. Smith*, 461 U.S. at

16   56 (allowing for punitive damages against government officials in their individual capacities).

17         The Supreme Court has held that "[d]amages awarded for punitive purposes . . . are not

18   sensibly assessed against the governmental entity itself." *City of Newport*, 453 U.S. at 266–277.

19   Punitive damages are meant to "punish the tortfeasor" and "deter him and others from similar

20   extreme conduct," but when a plaintiff is awarded punitive damages against a government, the

21   "retribution" of punitive damages falls upon "blameless or unknown taxpayers," not the actual

22

23   [3]  Defendant Moran is being sued for actions he allegedly took in his individual capacity as well
     as in his official capacity. (Doc. No. 1 at ¶ 8.) It is unclear whether plaintiff's willingness to
24   strike "all" such damages indicates that plaintiff wishes to strike all punitive damages allegations
     against defendant Moran, including those brought against him in his individual capacity, or if
25   "all" refers only to all those being challenged by defendants in the pending motion to dismiss,
     which only seeks dismissal of claims brought against the defendants in their official capacity. As
26   indicated above, punitive damages may be sought against officers in their individual capacities.
     *See Smith*, 461 U.S. at 35. The court will not strike plaintiff's punitive damages claim against
27   defendant Moran to the extent that claim is brought against him in his individual capacity absent
     plaintiff's clear intent to abandon that claim.
28

                                                    9

1   wrongdoer. *Id.*; *see also Vt. Agency of Nat. Res. v. United States ex rel. Stevens,* 529 U.S. 765,

2   785 n.15 (2000) (Because of concern over "imposing punitive damages on taxpayers under any

3   circumstances," there is a "presumption against imposition of punitive damages on governmental

4   entities."). Therefore, the punitive damages plaintiff seeks in this action against defendant Moran

5   in his official capacity as a CHP officer are barred. *See Newport*, 453 U.S. 247 at 263.

6       Accordingly, the court will grant defendants' motion to strike plaintiff's claim for punitive

7   damages against defendant Moran in his official capacity but not in his individual capacity.

8   **C.   Defendants' Motion to Dismiss Pursuant to Rules 12(b)(4) and 12(b)(5)** [4]

9       This court has jurisdiction over a defendant only if the defendant has been properly served

10  under Rule 4. *Direct Mail Specialists, Inc*, 840 F.2d at 688 (9th Cir. 1988); *see also Long*, 2019

11  WL 5536228, at *4. A defendant may move to dismiss a claim for insufficient process or

12  insufficient service of process pursuant to Rules 12(b)(4) and 12(b)(5) respectively, as defendants

13  have done here.

14      Defendants advance several arguments in support of their motion to dismiss based upon

15  their contentions of insufficient process and insufficient service of process. First, defendants

16  attest that plaintiff left copies of the summons and complaint for all defendants with a sergeant at

17  one of CHP's Fresno offices, but that "[s]ubstituted service on an employer, or place of

18  employment is not authorized or contemplated under Fed. R. Civ. P. 4(e)." (Doc. No. 6 at 7, 9.)

19  _____

20  [4] Defendants also move to strike plaintiff's complaint for failure to sign the complaint in
    accordance with Rule 11(a) of the Federal Rules of Civil Procedure and Rule 131(b) of the
21  Eastern District of California's Local Rules. (Doc. No. 6 at 12.) Defendants contend that neither
    the complaint filed with the court on October 4, 2020, nor the complaint "purportedly served on
22  Defendants" on October 23, 2020, were signed by an attorney. (*Id.* at 13.) Because plaintiff's
    complaint fails to meet the requirements of both federal and local rules, defendants request that
23  plaintiff's complaint be stricken. (*Id.*) Plaintiff concedes counsel's error in not signing the
    complaint and requests leave to amend the complaint so as to effectuate service of a signed
24  complaint. (Doc. No. 9 at 4.) Rule 11(a) of the Federal Rules of Civil Procedure provides that
    "[e]very pleading . . . must be signed by at least one attorney of record in the attorney's name"
25  and that the court "must strike an unsigned paper unless the omission is promptly corrected after
    being called to the attorney's . . . attention." Fed. R. Civ. P. 11(a); *see also* L.R. 131(b) (requiring
26  signature on "[a]ll pleadings"). The court cannot consider unsigned documents. Nonetheless, the
    court will grant plaintiff an extension of time in which to serve the remaining defendants with the
27  operative complaint and plaintiff's counsel will be directed to correct the pleading so as to
    conform to Rule 11 before properly re-serving the defendants.
28

1    Additionally, defendants contend that plaintiff did not comply with California law for service of

2    process because plaintiff did not serve the Office of the California Attorney General despite

3    naming the California Highway Patrol, a state agency, as a defendant, along with the other

4    defendants that have been sued in their official capacities.[5]  (*Id.* at 7.)  Defendants also assert that

5    plaintiff did not complete the required mail service or attempt to serve defendant Commissioner

6    Stanley at his regular place of business.  (*Id.*)  Finally, defendants argue that plaintiff did not

7    serve them with the filed version of his complaint; instead, plaintiff allegedly served a complaint

8    that differed from the version filed with the court in terms of its font, spacing, and font sizes.  (*Id.*

9    at 11.)  Defendants conclude that plaintiff's complaint should be dismissed due to his failure to

10   properly serve all of the defendants in a manner described by Rule 4 of the Federal Rules of Civil

11   Procedure.

12       In his opposition to defendants' motion, plaintiff "concedes that there were deficiencies in

13   the service of process of the Summons and Complaint," though plaintiff only explicitly

14   acknowledges the failure to serve a "signed, court conformed copy of the civil complaint."  (Doc.

15   No. 9 at 4.)  Plaintiff additionally acknowledges that the court could quash service, but contends

16   that the improper service could be "easily remedied" by granting plaintiff leave to amend his

17   complaint.  (*Id.*)  Plaintiff's counsel assures the court that "all defects of in [sic] service of

18   process" will be cured by properly serving a First Amended Complaint if leave to amend is

19   granted.  (*Id.*)

20       In their reply to plaintiff's opposition, defendants note that plaintiff failed to "take any

21   action to cure the defects in service" despite having "nearly two months" between the filing of

22   defendants' motion to dismiss and the end of the time provided for service of the complaint.

23   (Doc. No. 10 at 2.)  Thus, defendants argue that plaintiff's complaint should be dismissed because

24   plaintiff failed to effect service in either a proper or timely manner.

25   _____

26   [5]  California law requires that a plaintiff who brings a case against state officials in their official
     capacity must serve the summons and complaint on the California Attorney General on behalf of
27   the State of California.  *See* Cal. Gov't Code § 955.4(a).  Here, plaintiffs have brought this
     lawsuit against defendant Moran in his official and individual capacities and against defendant
28   Stanley in his official capacity.  (Doc. No. 1 at 1.)

11

1    Plaintiff attempted to serve defendants CHP, Stanley, and Moran by leaving copies of the

2    summons and complaint at the CHP Fresno field office.⁶  Defendants argue broadly that this

3    service was improper because Rule 4(e) supposedly does not allow service at a defendant's place

4    of employment.  (*Id.* at 9.)  Defendants cite the decision in *Daly-Murphy v. Winston*, 837 F.2d

5    348, 355 (9th Cir. 1987) for the proposition that "Rule 4 has generally been construed to mean

6    that service at a defendant's place of employment is insufficient."  (*Id.* at 9.)

7    The court does not find defendants' argument in this regard to be persuasive.  In the next

8    sentence of the decision in *Daly-Murphy*, the Ninth Circuit clarified that "[m]ore specifically,

9    where money damages are sought through a *Bivens* claim, personal service and not service at the

10   place of employment, is necessary to obtain jurisdiction over a defendant in his capacity as an

11   individual."  *Daly-Murphy*, 837 F.2d at 355 (citations omitted).  The decision in *Daly-Murphy* has

12   been cited for the rule that "[s]ervice at a person's place of employment is generally insufficient if

13   the claim is against a defendant in his individual capacity alone."  *Jercich v. Cnty. of Merced*, No.

14   1:06-cv-00232-OWW-DLB, 2006 WL 3747184, at *5 (E.D. Cal. Dec. 19, 2006) (citing *Daly-

15   Murphy*, 837 F.2d at 355)).  Here, the claims are brought against defendant Moran in both his

16   official and individual capacities.  (Doc. No. 1. at ¶ 8.)

17   Moreover, Rule 4(e)(1) authorizes service by "following state law for serving a summons

18   in an action brought in courts of general jurisdiction in the state where the district court is located

19   or where service is made[.]"  Under California law, service at a party's usual place of business is

20   authorized under certain circumstances, e.g., where the party to be served is a business entity, a

21   public entity, a minor, or a political candidate, or where "a copy of the summons and complaint

22   cannot with reasonable diligence be personally delivered to the person to be served."  *See* Cal.

23   Civ. Proc. Code § 415.20; *see also* Cal. Civ. Proc. Code § 415.30 (mail with acknowledgement of

24   receipt).  Here, because defendant Moran is being sued in his official capacity as well, the court

25   concludes that service could fall under the exception for a public entity.  Thus, the court

26

27   ⁶  The court will not address the alleged failures to serve defendants Stanley and CHP because
     those defendants are being dismissed from this action pursuant to defendants' 12(b)(6) motion as
28   explained in this order above.

12

1    concludes that plaintiff can effectuate service on defendant Moran by following California state

2    law for service, which allows for service at defendant's place of employment.  Fed. R. Civ. P.

3    4(e)(1); Cal. Civ. Proc. Code § 415.20.

4            However, in order to effectuate service on defendant Moran pursuant to California Civil

5    Procedure Code § 415.20, plaintiff would also have to mail a copy of the documents by first-class

6    mail.  Plaintiff does not indicate that he did so and thus did not complete the steps required to

7    effectuate proper service under California law.  (Doc. No. 6 at 10.)  Additionally, here plaintiff

8    must serve the California Attorney General because plaintiff has sued defendant Moran, a

9    California state official, in his official capacity, "which is tantamount to suing the state itself."

10   *Kishore v. Newsom*, No. 20-cv-5859-DMG (EX), 2020 WL 6559157, at *1 (C.D. Cal. June 30,

11   2020) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).  "California requires

12   that, in such cases, '[s]ervice of summons . . . shall be made on the Attorney General."  *Id.* (citing

13   Cal. Gov't Code § 955.4(a)).  Plaintiff's attempted service on defendant Moran was therefore

14   ineffective because plaintiff did not make any attempt to serve the California Attorney General or

15   to mail a copy of the summons by first-class mail.

16           Despite plaintiff's arguments to the contrary, granting him leave to amend his complaint

17   does not, in fact, remedy the ineffective service with respect to defendant Moran.  Rule 4(m) of

18   the Federal Rules of Civil Procedure imposes a 90-day time-limit for service of a complaint; this

19   time limit begins once the *first* complaint is filed.  Fed. R. Civ. P. 4(m); *Rudolph v. UT Starcom,*

20   *Inc.*, No. 7-cv-04578-SI, 2009 WL 248370, at *2 (N.D. Cal. Feb. 2, 2009) (citing *Bolden v. City*

21   *of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006)).  The 90-day service period does not restart for

22   defendants on the original complaint when plaintiff files an amended complaint.  *See Tamanaha*

23   *v. Wells Fargo Bank, NA*, No. 10-cv-00273 DAE-KSC, 2011 WL 3861392, at *2 (D. Haw. Aug.

24   12, 2011) (citing *Bolden*, 441 F.3d at 1148 ("[T]he 120-day period provided by [FRCP] 4(m) is

25   not restarted by the filing of an amended complaint except as to those defendants newly added in

26   the amended complaint.")).  Because defendant Moran is included in the original complaint and

27   because the 90-day time limit for service expired on January 2, 2021, granting plaintiff leave to

28   amend to effectuate proper service would not cure the insufficient and untimely service.  *See City*

13

1    *of Merced v. Fields*, 997 F. Supp. 1326, 1137–39 (E.D. Cal. 1998).

2           While granting leave to amend would not cure plaintiff's ineffective service, the court has

3    the discretion to extend the time limit for carrying out service.  The court must extend the time

4    limit for service if the plaintiff "shows good cause for the failure" to serve.  Fed. R. Civ. P. 4(m);

5    *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001); *Cranford v. United States*, 359 F. Supp. 2d 981,

6    985 (E.D. Cal. 2005).  When determining whether the good cause requirement has been satisfied,

7    the court must consider whether:  (1) the party to be served personally received actual notice of

8    the lawsuit; (2) the defendant would suffer no prejudice; and (3) plaintiff would be severely

9    prejudiced if his or her complaint were dismissed.  *See Rodriguez v. Cnty. of San Joaquin*, No.

10   2:16-cv-00770-TLN-JDP, 2021 WL 1214569, at *3 (E.D. Cal. Mar. 31, 2021).  Additionally, the

11   Ninth Circuit has concluded that even where good cause is not established, district courts still

12   have the discretion to dismiss without prejudice or to extend the time period for service.  *Id.*  "In

13   making this decision, courts may consider factors such as 'a statute of limitations bar, prejudice to

14   the defendant, actual notice of a lawsuit, and eventual service.'"  *Id.*  (citing *Efaw v. Williams*,

15   473 F.3d 1038, 1041 (9th Cir. 2007)).

16          Here, the court concludes that there is good cause to extend the time for service.  Plaintiff

17   would be prejudiced by a dismissal because the statute of limitations with respect to his false

18   arrest claim has run.  California law prescribes a one-year statute of limitations on actions for

19   false imprisonment, and "[f]alse arrest is not a different tort [from false imprisonment]; it is

20   merely 'one way of committing a false imprisonment.'"  *Martinez v. City of Los Angeles*, 141

21   F.3d 1373, 1379 (9th Cir. 1998) (quoting *Collins v. City & Cnty. of San Francisco*, 50 Cal. App.

22   3d 671, 673 (1975)); Cal. Civ. Proc. Code § 340.  Because more than one year has passed since

23   the alleged incident occurred, plaintiff would potentially be time-barred from refiling his false

24   arrest claim.  Additionally, defendants do not dispute that they received actual notice of plaintiff's

25   lawsuit and they make no argument as to how the granting of an extension of time to effectuate

26   service would prejudice them, nor does the court perceive any such prejudice.  Accordingly, this

27   court will deny defendants' motion to dismiss due to insufficient process and insufficient service

28   of process because there exists good cause for the granting of an extension of time in which to

14

complete service.  In the interest of resolving this dispute regarding service of process beyond doubt, plaintiff is directed to serve the current operative complaint, as well as any first amended complaint plaintiff elects to file on defendant Moran and the California Attorney General according to Rule 4(e) of the Federal Rules of Civil Procedure within thirty (30) days of this order.

**D.      Leave to Amend**

Federal Rule of Civil Procedure 15 instructs courts to freely give leave to amend "when justice so requires" and that rule is "to be applied with extreme liberality."  *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).  Nevertheless, leave to amend need not be granted where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile.  *See Amerisource Bergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).  "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight"—prejudice being the "touchstone of the inquiry under Rule 15(a)"—but the opposing party bears the burden of demonstrating prejudice. *Eminence Cap.*, 316 F.3d at 1052 (internal quotation marks and citations omitted).  "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend."  *Id*. (emphasis omitted.)

There is nothing before the court to suggest bad faith on part of plaintiff or any undue prejudice to defendants posed by the granting of leave to amend here.  Although defendants oppose affording plaintiff leave to amend (Doc. No. 10 at 6–9), their arguments relate to plaintiff's failure to properly execute process and service, which the court has already addressed by extending the time limit for service.  Under these circumstances, the court will grant plaintiff leave to amend his complaint pursuant to Rule 15, subject to the constraints noted in this order.

## CONCLUSION

For the reasons set forth above:

1.      Defendants' motion to dismiss, to strike, and to quash service (Doc. No. 5) is granted in part and denied in part as follows:

a.      Defendants' motion to dismiss plaintiff's fourth cause of action against

15

defendants CHP and Stanley pursuant to Rule 12(b)(6) is granted;

    b.    Defendants CHP and Stanley are dismissed from this action;

    c.    Defendants' motion to strike the allegations of plaintiff's complaint seeking punitive damages as to defendant CHP and defendants Stanley and Moran in their official capacities is granted;

    d.    Defendants' motion to dismiss plaintiff's complaint due to inadequate service of process pursuant to Rules 12(b)(4) and 12(b)(5) is denied;

    e.    The time for service of the complaint is extended and plaintiff is directed to serve a properly-signed operative complaint, or any first amended complaint he elects to file, on defendants within thirty (30) days of this order;[7]

    f.    Defendants' motion to quash service is denied;

    g.    Defendants' motion to strike the complaint pursuant to Rule 11(a) and Local Rule 131(b) is denied as having been rendered moot;

2.    If plaintiff wishes to amend his complaint in an attempt to cure any of the deficiencies authorized by this order, plaintiff is directed to file with the court an amended complaint no later than thirty (30) days after service of this order;[8]

3.    In the event no amended complaint is filed, defendants shall file their responsive pleading within fourteen (14) days of the date of service.

IT IS SO ORDERED.

Dated:  __August 2, 2021__          _____

                              UNITED STATES DISTRICT JUDGE

---

[7] Defendants, of course, are free to waive service.

[8] If plaintiff elects to file an amended complaint, he is reminded that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in any amended complaint, as in an original complaint, each claim must be sufficiently alleged.